**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **TERRY K. LINDSAY** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION NO: 2:23-cv-00372** |
| | ) | |
| **CAPITOL FOUNDRY OF VIRGINIA,** | ) | |
| **INC., a Virginia Corporation** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff, Terry K. Lindsay ("Lindsay" or "Plaintiff"), by counsel, and for his First Amended Complaint states the following causes of action against the Defendant, Capitol Foundry of Virginia, Incorporated ("Capitol Foundry" or "Defendant"):

1. Plaintiff, Lindsay is a citizen and resident of Elizabeth City, North Carolina.

2. Defendant, Capitol Foundry, is a Virginia corporation with its principal place of business in Virginia Beach, Virginia.

3. Lindsay began working for Capitol Foundry as a laborer-forklift driver on March 21, 1984.

4. Over the next thirty-plus-years Lindsay continually met or exceeded his employer's performance expectations  -- until February 2020, after he was awarded a worker's compensation claim.

5. While working for Defendant, on or about July 31, 2019, Plaintiff was injured while at work or Defendant.  Specifically, Plaintiff sustained a severe foot injury when a fork-lift blade fell onto his right foot.

6.  Plaintiff immediately filed a worker's compensation claim as a result of the injury.

7.  Plaintiff missed approximately six weeks of work as a result of the injury.

8.  Defendant's management made it known verbally to Plaintiff on numerous occasions that it was upset about Plaintiff filing a worker's compensation claim as a result of his injury.

9.  On February 11, 2020, the Virginia Worker's Compensation Commission awarded Plaintiff's claim for benefits beginning September 7, 2019, effective November 13, 2019 ("the award").

10. For almost twenty-four years Plaintiff worked for Defendant and achieved consistent satisfactory reviews relating to his overall work product.

11. Almost immediately after receiving notice of the award, starting on February 28, 2020, Defendant's management began issuing Plaintiff a series of write-ups for alleged wrongdoings on the job.

12. Plaintiff repeatedly appealed the write-ups – asking Defendant's management "what was happening?"

13. Plaintiff disputed each and every write-up and attempted to explain how he was expressly following his supervisor's orders for each incident cited.

14. Defendant's management ignored Plaintiff's pleas and refused to listen.

15. On April 1, 2020[1], Defendant discharged Plaintiff for alleged unsatisfactory work performance.

---

[1] Plaintiff originally filed a Complaint in Virginia Beach Circuit Court on March 31, 2022.  That matter was nonsuited on January 30, 2023 and refiled in Virginia Beach Circuit Court within six months of the original nonsuit.

## Count I
## Unlawful Retaliation in Violation of Va. Code § 65.2-308

16. Plaintiff incorporates by reference the foregoing allegations as if set out in full herein.

17. Virginia prohibits an employee from being discharged in retaliation for filing a worker's compensation claim (or intending to file a claim): "No employer or person shall discharge an employee solely because the employee intends to file or has filed a claim under this title or has testified or is about to testify in any proceeding under this title."  Va. Code § 65.2-308.

18.  Defendant's harassment of and retaliation against Plaintiff began just 17 days after the parties were notified Plaintiff had been awarded his worker's compensation claim.

19. As a result (solely) of Plaintiff having filed a claim for worker's compensation benefits (and having been awarded the claim), Defendant discharged Plaintiff.

20. Defendant's conduct has been intentional, deliberate, willful, wanton, malicious, reckless, and in conscious disregard of Plaintiff's rights.

21. As a direct and proximate result of the Defendant's conduct, Plaintiff has suffered monetary and non-monetary damages incl uding loss of back pay, loss of front pay, emotional distress, reputational harm, embarrassment, humiliation and loss of enjoyment of life.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

WHEREFORE, the Plaintiff, Terry K. Lindsay, by counsel, prays that this honorable Court grant him relief as against the Defendant Capitol Foundry of Virginia, Incorporated including but not limited to:

      a.      $750,000 in actual and/or compensatory damages;

      b.      Pre- and post-judgment interest;

      c.      Attorney's fees and litigation costs; and

      d.      Such other relief as deemed just and proper.

Respectfully submitted,

TERRY K. LINDSAY

By: _/s/__Todd M. Gaynor_____
Todd M. Gaynor, Esquire (VSB # 47742)
Gaynor Law Center, P.C.
440 Monticello Avenue, Suite 1800
Norfolk, Virginia 23510
PH:  (757) 828-3739
FX:   (757) 257-3674
EM: tgaynor@gaynorlawcenter.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Alan D. Albert (VSB # 25142)
Michael D. Pierce (VSB # 89768)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
PH: (804) 403-7144
FX: (804) 237-0250
EM:  aalbert@ohaganmeyer.com
         mpierce@ohaganmeyer.com

*Counsel for Defendant*

__/s/_Todd M. Gaynor_____

Todd M. Gaynor, Esq.